UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RICHARD C. WAGNER,**

    **Plaintiff,**

v.                                                                       **Case No: 5:20-cv-327-Oc-30PRL**

**MARK J. YERMAN,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a complaint against Judge Mark J. Yerman, claiming he was denied his constitutional right to a jury trial in a Citrus County Court proceeding. (Doc. 1). Plaintiff moves the Court to proceed *in forma pauperis*. (Doc. 2). For the following reasons, Plaintiff's motion should be denied, and the complaint should be dismissed.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

Here, Plaintiff claims that Judge Mark J. Yerman denied him a right to a jury trial in Citrus County Court and requests $15,000 in damages, attorney's fees, and punitive damages. (Doc. 1). It appears that Plaintiff takes issue with Judge Yerman's handling of a case in which Plaintiff was the defendant. According to Plaintiff, he appeared at a hearing before Judge Yerman in Case No. 2018 CC 000784 in Citrus County, Florida and demanded a jury trial, but Judge Yerman entered a judgment in favor of the plaintiff.[2] (Doc. 1).

Plaintiff's claims against Judge Yerman are barred by the doctrine of absolute judicial immunity. This doctrine is designed to give judges the freedom to perform their vital functions free of intimidation and without fear of personal consequences. *Dennis v. Sparks*, 449 U.S. 24, 31 (1980). For these and other reasons, "it is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.'" *Wahl v. McIver,* 773 F.2d 1169, 1172 (11th Cir. 1985). Here, Plaintiff objects to Judge Yerman's ruling in the state court proceeding. Thus, absolute judicial immunity bars the suit against him.

Moreover, to the extent that Plaintiff is seeking to void a prior state court judgment, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine "operates as a bar to federal court jurisdiction where

---

[2] The docket for this case can be accessed electronically at: https://scorss.citrusclerk.org/case.

the issue before the court was inextricably intertwined with the state court judgment" so "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (quotation marks omitted).

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on August 3, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy